UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOROTHY ROBISON, | ) |
|           *Plaintiff*, | ) |
| vs. | ) 1:19-cv-00589-RLY-MG |
| IAN PETERSON and JONATHAN HORLOCK, | ) |
|           *Defendants*. | ) |

**ORDER**

Pending before the Court and ripe for a decision is Defendants' Second Motion for an Extension of Time to Respond to Plaintiff's Motion for Attorney Fees and Expenses. [Filing No. 180.] Defendants ask the Court to extend their deadline to respond to Plaintiff's Motion for Attorney Fees and Expenses from June 28, 2022 to August 15, 2022. [Filing No. 180.]

Also pending before the Court is Plaintiff's Motion for Leave to File a Surreply in response to Defendants' Motion. [Filing No. 187]. The Court **GRANTS** Plaintiff's Motion to File a Surreply, and the Court has considered the content of that brief in rendering this Order.

**I.**
**BACKGROUND**

In this 42 U.S.C. § 1983 civil rights case, a jury awarded Plaintiff a total of $1.2 million in damages ($600,000 against each Defendant). [*See* Filing No. 170.] As the prevailing party, Plaintiff filed a Motion for Attorney Fees and Expenses pursuant to 42 U.S.C. § 1988, seeking an award of $751,747.89, which includes a "multiplier of 2.0 for [attorney] work on the merits" of the case. [Filing No. 172 at 1.] To substantiate the fees and expenses, Plaintiff attached to her Motion three declarations from lawyers who worked on her case but did not include any billing

records or time entries substantiating the total time and fee request. [Filing No. 171-1; Filing No. 171-2; Filing No. 171-3.]

Defendants ask the Court to extend their deadline to respond to Plaintiff's Motion for Attorney Fees and Expenses from June 28, 2022 to August 15, 2022. [Filing No. 180.] Defendants say that additional time is needed to establish facts related to Plaintiff's fee request. [Filing No. 180 at 1-2.] Defendants report that their counsel "has prepared a draft stipulation of facts relative to Plaintiff's Motion for Attorneys' Fees," but that the "parties are still engaged in discussion about the stipulation" and that "[i]f Plaintiff's counsel refuses to agree to the stipulation, Defendants will need to engage in discovery on Plaintiff's request for fees and expenses in order to prepare a response to Plaintiff's Motion." [Filing No. 180 at 1.] Defendants also say that the requested extension will not impact the timing of any payments related to the recovery of fees and costs because Defendants have filed post-trial motions. [Filing No. 180 at 2.]

Plaintiff opposes the requested extension, arguing that the extension "is based on the false premise that post-judgment discovery is permissible in this situation." [Filing No. 184 at 2.] Plaintiff contends that Fed. R. Civ. P. 54 does not contemplate post-judgment discovery for fee requests and notes that a Comment to Rule 54 from the Advisory Committee on 1993 amendments states that "[o]n rare occasion, the court may determine that discovery under Rule 26-37 would be useful to the parties." [Filing No. 184 at 2-4.] Plaintiff further says that she will be prejudiced by an extension because "post-judgment interest on the award of attorney's fees and expenses generally would not start until the award is entered." [Filing No. 184 at 4.]

In reply, Defendants say that the declarations from Plaintiff's attorneys "leave significant gaps that Defendants contend need to be filled in so that they can full present their opposition to the fee position." [Filing No. 185 at 1.] They say that under Fed. R. Civ. P. 54(d)(2), which

2

references Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 43, they are entitled to discovery on the question fees and cite *Moore v. Madigan*, 2014 WL 6660387 (C.D. Ill. 2014) in support. [Filing No. 185 at 2.] Defendants then, in addition for the extension of time to respond to Plaintiff's fee motion, asks the Court to "allow reasonable discovery, in the form of limited depositions of Plaintiff's counsel to occur." [Filing No. 185 at 3.]

In surreply, Plaintiff distinguishes the *Moore v. Madigan* case cited by Defendants. [Filing No. 187-1.]

## II.
### DISCUSSION

### A. Procedure for Recovering Costs

Although the issue is not directly before the undersigned, the Court notes that recovery of taxable costs is addressed in Fed. R. Civ. P. 54(d)(1) and S.D. Ind. Local Rule 54-1, which requires the submission of an itemized bill of costs (rather than a motion) to the Clerk, which is a form available on the Court's website. *See* https://www.insd.uscourts.gov/forms/bill-costs (last accessed June 28, 2022). *See also* 28 U.S.C. § 1920 (listing eligible taxable costs). Attorneys' fees, on the other hand, are properly the subject of a motion. *See* Fed. R. Civ. P. 54(d)(2)(A); S.D. Ind. Local Rule 54-1.

### B. Procedure for Recovering Attorneys' Fees

With respect to fee requests, the Seventh Circuit has adopted a burden-shifting approach. The party seeking recovery of fees "has, of course, the burden of justifying the fees requested in the petition." *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 646 (7th Cir. 1995). "Although counsel is not required to record in intricate detail how each minute of time was expended, counsel should at a minimum identify the general subject matter of what the time was used for." *Design Basics, LLC v. Signature Constr., Inc.*, 2020 WL 12991078, at *5 (C.D. Ill. Aug. 3, 2020).

Generally, a prevailing party submits attorney time records to substantiate the fees sought. *See, e.g.*, *Fair Housing Ctr. of Cent. Ind., Inc. v. Welton,* 2020 WL 2218950 (S.D. Ind. May 7, 2020) (analyzing billing records submitted by party seeking fee recovery). Indeed, the Seventh Circuit has noted that it expects parties "to exercise 'billing judgment' in calculating his or her fee" such that "excessive, redundant or otherwise unnecessary hours are to be omitted from the fee submission." *Tomazzoli v. Sheedy,* 804 F.2d 93, 96 (7th Cir. 1986). To that end, parties "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the party seeking fees has provided this information, "[t]he respondent then may challenge the reasonableness or accuracy of the rates or hours." *Tomazzoli,* 804 F.2d at 96.

Ultimately, a district court must determine the reasonableness of the fee using the lodestar method, which calls upon the court to multiply the "number of hours reasonably expended in the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The "reasonably expended" component of the lodestar method looks to the billing records and considers "whether hours are 'excessive, redundant, or otherwise unnecessary' and may reduce the lodestar calculation, for example, for hours spent on unrelated and unsuccessful claims, hours attorneys would not bill to their clients, and h ours for which the prevailing party has failed to provide adequate support." *Williams v. City of Chicago*, 2022 WL 971604, at *2 (N.D. Ill. Mar. 31, 2022) (quoting *Hensley*, 461 U.S. at 433-34). The "reasonable hourly rate 'is derived from the market rate for the services rendered.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639-40 (7th Cir. 2011) (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). To establish a reasonable hourly rate, "[t]he fee applicant bears the burden of 'producing satisfactory evidence—***in addition to the attorney's own affidavits***—that the requested rates are in line with those prevailing in the community.'" *Id.*

(quoting *Blum v. Stenson* 465 U.S. 886, 895 n.11 (1984)) (emphasis added) (internal alteration omitted). If the fee applicant satisfies this burden, "the burden shifts to the other party to offer evidence that sets forth 'a good reason why a lower rate is essential.'" *Id.* (quoting *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1313 (7th Cir. 1996)). Recognizing the difficulty of determining the hourly rate of an attorney who uses contingent fee agreements, the Seventh Circuit has advised district courts to "rely on the next best evidence of an attorney's market rate, namely evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Id.* (internal quotation marks and citation omitted).

### C. Discovery Related to Requests for Attorneys' Fees

The Supreme Court has instructed that "[a] request for attorney's fees should not result in a second major litigation." *Hensley,* 461 U.S. at 437. As discussed above, discovery should generally be unnecessary because of the initial evidentiary burdens placed on the party seeking fees. *See Annie Oakley Enters. Inc. v. Amazon.com, Inc.*, 2020 WL 6870922, at *1 (S.D. Ind. Sept. 9, 2020) (denying request for discovery on a defendant's fee request because "Defendant [i.e., the moving party] has the burden of demonstrating the appropriate amount of any fee award" and "Plaintiffs [the non-moving party] should raise any issues they have with the fee motion in their response to the fee motion" and further noting that "[i]f Defendant has failed to submit the evidence necessary to support its award, Defendant's motion will be denied").

Plaintiff did not submit billing records, details concerning expenses, or third-party evidence regarding the reasonableness of the requested rates with her Motion for Attorney Fees and Expenses. Instead, three attorneys who represented Plaintiff submitted declarations stating the total time spent they spent on the case and their hourly rates. [*See* Filing No. 171-1; Filing No.

171-2; Filing No. 171-3.] While the issue of whether this information is sufficient to carry Plaintiff's burden for her fee request is not pending before the undersigned, case law does clearly anticipate that Plaintiff provide billing records, including time entries, for the fees being requested to Defendants to enable Defendants to assess whether to "challenge the reasonableness or accuracy of the rates or hours." *See Tomazzoli*, 804 F.2d at 96. In her response brief, Plaintiff says that she "produced all time records relative to the fee affidavits to Defendants upon an informal request." [Filing No. 184 at 2.]

Because discovery is disfavored in these circumstances and because Plaintiff has now apparently provided Defendants with billing records, the Court **DENIES** Defendants' request for leave to depose Plaintiff's attorneys. However, the Court **GRANTS** Defendants' requested extension to respond to Plaintiff's Motion for Attorney Fees and Expenses; Defendants' response brief is due on or before **August 15, 2022**. The Court finds additional time is necessary for Defendants to evaluate the now-produced billing records. The parties should also use this additional time to meet and confer about whether they can minimize disagreements about the requested fees or even stipulate to an agreed-upon amount.

### III.
#### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to file Sur-Reply, [187], is **GRANTED**. Defendants' Motion Defendants' Second Motion for an Extension of Time to Respond to Plaintiff's Motion for Attorney Fees and Expenses, [180], is **GRANTED** to the extent that Defendants are to file their response brief on or before **August 15, 2022** and **DENIED** to the extent the Motion contained a request to depose counsel for Plaintiff.

Date: 6/29/2022

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**